UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-22514-CIV-MORENO

CARLOS BRITO,

        Plaintiff,

vs.

SUNSET CENTER CORPORATION,

        Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS PORTIONS OF COMPLAINT

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (**D.E. 7**), filed on **June 29, 2019**. THE COURT has considered the motion, the response, the reply, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. Plaintiff brings this lawsuit pursuant to Title III of the American with Disabilities Act ("ADA"), averring that Defendant's building is in violation of that act. Plaintiff specifically identifies numerous architectural barriers in his complaint and then notes that the list of barriers is "not an exhaustive list." He then requests to inspect the building to discover other potential barriers. Defendant, in response, filed a motion to dismiss, claiming that Plaintiff lacks standing to sue over violations he does not actually know about, and that Plaintiff improperly "attempts to overreach by demanding access to the entire premises so he can find possible further violations of the ADA." Defendant seeks a ruling limiting Plaintiff's standing to prosecute only violations for which Plaintiff has actual knowledge.

Courts within this district have consistently held that a plaintiff must have actual knowledge of purported violations of the ADA at the time a complaint is filed in order to have

standing to bring suit. *See Barberi v. Tara Chand*, No. 17-21393 (S.D. Fla. June 28, 2017) (a plaintiff "may not base his claims on unknown or undiscovered violations."); *Fox v. Morris Jupiter Assocs.*, No. 05-80689, 2007 WL 2819522, at *3 (S.D. Fla. Sept. 25, 2007) ("A plaintiff must have 'actual knowledge' of a barrier in order to have standing to challenge such a barrier."); *Brother v. CPL Invs., Inc.*, 317 F. Supp. 2d 1358, 1368 (S.D. Fla. 2004) ("Plaintiffs do not have standing to complain about alleged barriers which they were unaware of at the filing of their complaint.").

The Court finds persuasive the litany of cases in this district holding that a plaintiff may only pursue relief for those architectural barriers of which he or she has actual knowledge of at the time the complaint is filed. Accordingly, the Court grants the Defendant's motion to dismiss those portions of the complaint that seek redress for violations of the ADA that were unknown or undiscovered or merely suspected of at the time the complaint was filed. This ruling does not preclude the Plaintiff from later amending his complaint, as permitted by the Federal Rules of Civil Procedure, to include violations of the ADA discovered since the filing of the complaint.

DONE AND ORDERED in Chambers at Miami, Florida, this 4th of October 2019.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record